# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4136-17T6

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DAVID BROWN,

     Defendant-Appellant.

_____

> Argued October 2, 2018 – Decided October 18, 2018
>
> Before Judges Fisher, Geiger and Firko.
>
> On appeal from Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. W-2018-000181-0814.
>
> Julius R. Hughes, Jr, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Julius R. Hughes, Jr., Assistant Deputy Public Defender, of counsel and on the briefs).
>
> Jacqueline E. Caban, Assistant Prosecutor, argued the cause for respondent (Charles A. Fiore, Gloucester County Prosecutor, attorney; Jacqueline E. Caban, on the briefs).

PER CURIAM

Defendant filed an appeal of a pretrial detention order, claiming the trial court's failure to provide him with an initial appearance within forty-eight hours of his arrest[1] on one of several charges necessitated his immediate release from incarceration. Because defendant has since been released, we find the matter moot and consequently dismiss the appeal. Only a brief explanation is required.

Defendant was arrested on a drug offense in West Deptford on Friday, May 11, 2018; he was also then the subject of an outstanding complaint-warrant on an offense alleged to have occurred three weeks earlier in Paulsboro. On Saturday, May 12, defendant was brought before the court for a first appearance on the West Deptford matter; after briefly hearing from the parties, the judge detained defendant subject to the State's application for pretrial detention on the West Deptford matter, which he scheduled for May 16. Before the May 12 hearing ended, however, defendant asked about his "Paulsboro charges." Despite defendant's persistence and repeated inquiries about the Paulsboro matter, the

---

[1]  The recently enacted Criminal Justice Reform Act, N.J.S.A. 2A:162-15 to -26, requires that a court – but for certain enumerated exceptions – "shall make . . . a pretrial release decision for an eligible defendant without unnecessary delay, but in no case later than 48 hours after the eligible defendant's commitment to jail." N.J.S.A. 2A:162-17.

A-4136-17T6

municipal judge responded he was unaware of that matter and declined to address it.

After that first hearing but before defendant was brought back to court on May 16, the Paulsboro matter came to light. A public safety assessment that encompassed the Paulsboro matter was prepared and, on May 16, the judge ordered that defendant be detained.

The next day, as was his right, see R. 2:9-13, defendant appealed to this court. Once the appeal was perfected, we considered defendant's contentions and the State's response and, on June 21, 2018, entered an order that concluded there were sufficient grounds for the pretrial detention order. We did not, however, rule on defendant's forty-eight-hour argument; instead, we reserved decision on that point, invited supplemental briefs, and calendared the matter for oral argument.

Defendant was released from incarceration before the date set for oral argument. Recognizing his release negated our ability to impose an adequate remedy, and in fulfillment of the obligation imposed by Rule 2:9-13(g), defendant moved to be allowed to proceed with this appeal; in short, he invited our declaration that the appeal had not been rendered moot by his release. We

3

granted that motion but without prejudice to further consideration of the effect of defendant's release on the appeal.

We now conclude the appeal should be dismissed on mootness grounds. We recognize the issue posed is of public interest, but even if it could be shown to have a tendency to reoccur[2] it will not necessarily evade effective review in the future. See Zirger v. Gen. Acc. Ins. Co., 144 N.J. 327, 330 (1996); see also John F. Kennedy Mem'l Hosp. v. Heston, 58 N.J. 576, 579 (1971). Even though we placed this particular case on a regular plenary calendar – thereby delaying its disposition – our normal practice is to quickly examine the issues and rapidly render a decision in such matters. See R. 2:9-13 (declaring that appeals like this "shall be expedited"). We are confident that any future departure from the requirements of N.J.S.A. 2A:162-17 can be expeditiously reviewed before turning moot.

To conclude, the issue raised is better considered when faced with a real controversy. Although we question whether the remedy for a breach of the forty-eight-hour statutory provision should be the arrestee's immediate release, as

---

[2] We have considered more than 1000 such appeals by defendants since the Criminal Justice Reform Act became effective on January 1, 2017. Our research reveals this is only the second time this court has considered a breach of the forty-eight-hour rule.

A-4136-17T6

defendant argues, we decline to reach that issue and instead conclude the appeal is moot.[3]

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] We offer no view as to whether defendant's detention, if wrongful, would support the imposition of a civil remedy.

A-4136-17T6